JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THOMAZ HENRIQUE SERRA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM DANIEL HUCKINS; ALLY FINANCIAL, INC.; and DOES 2 to 20,<br><br>Defendants. | Case No.: SACV 22-01369-CJC (KESx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR MONETARY SANCTIONS [Dkt. 18] |

I.  INTRODUCTION & BACKGROUND

On December 1, 2021, Plaintiff Thomaz Henrique Serra filed this action in the Superior Court of California, County of Orange, against Defendants Adam Daniel Huckins and Ally, LLC, alleging personal injury claims related to a motor vehicle

-1-

incident.  (*See* Dkt. 1 [Notice of Removal, hereinafter "Notice"]; Dkt. 1-1 [Complaint].)  Huckins and Ally, LLC, acknowledge service on January 3, 2022.  (*See* Dkt. 18-3 [Notice of Acknowledgement of Receipt]; Dkt. 18-4 [Notice of Acknowledgement of Receipt].)  Serra amended the complaint to include Defendant Ally Financial, Inc., on May 17.  (*See* Dkt. 1-4 [Amendment to Complaint].)  Then on June 24, Serra voluntarily dismissed his claim against Ally, LLC, (*see* Dkt. 1-5 [Request for Dismissal]), and on July 22, Huckins and Ally Financial removed the action to the U.S. District Court for the Central District of California, invoking this Court's diversity jurisdiction, (*see* Notice).  Now before the Court is Serra's motion to remand and request for costs and expenses.  (*See* Dkt. 18-1 [Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand and Request for Monetary Sanctions, hereinafter "Mot."].)  For the following reasons, the Court **GRANTS** the motion to remand and **DENIES** the request for costs and expenses.[1]

## II.   DISCUSSION

### A.   Removal

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted).  A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally.  *See* 28 U.S.C. § 1441(a).  A court has diversity jurisdiction, moreover, when more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant.  *See* 28 U.S.C. § 1332(a).  When a case is removed, the burden of

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for October 24, 2022, is hereby vacated and removed from the calendar.

establishing the propriety of removal falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

The deadline for a defendant to remove a case from state to federal court is generally thirty days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable," however, a defendant may remove the case thirty "days after receipt . . . of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3). A "bright-line approach" based on an "objective analysis of the pleadings" governs removability. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). It "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id*. at 694.

Serra offers two arguments on why remand is required. First, he argues that removal was improper because the parties are not completely diverse—namely, that Huckins was not a domiciliary of Ohio as he claims but rather California, the same domicile as Serra, at the time of removal. (*See* Mot. at 10–18.) Second, Serra argues that removal was untimely. (*See id*. at 18–21.) The Court focuses on the timeliness issue because it is dispositive of the motion.

Huckins and Ally Financial mention timeliness only cursorily in their notice of removal. They state that removal occurred "within 30 days of receipt by Defendants ALLY FINANCIAL, INC. and ADAM DANIEL HUCKINS of the dismissal of ALLY, LLC on June 24, 2022, from which it was first ascertained that the case is one which has become removable based on diversity jurisdiction." (Notice ¶ 6.) They provide no other

information on timeliness in their notice, nor do they address timeliness in their opposition brief. The Court's best guess on their position is that the removability of this action first became "ascertainable," thus triggering the second thirty-day removal clock under § 1446(b)(3), only upon the dismissal of Ally, LLC, because its citizenship—and thus complete diversity—were not "ascertainable."

The removability of an action must be "ascertainable" from any "amended pleading, motion, order or other paper" before the thirty-day clock begins. 28 U.S.C. § 1446(b)(3). "Ascertainable" means "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093–94 (9th Cir. 2021). "Other paper" is an expansive term that generally encompasses any "written or printed document or instrument," *id.* at 1095 (citation omitted), including responses to interrogatories, *see Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072 (10th Cir. 1999).

The citizenship of Ally, LLC was "ascertainable" well before the thirty days preceding the July 22 removal. Indeed, it became clear as early as May 17—the date that Ally Financial was added as a defendant. On April 6, Ally, LLC, submitted responses to interrogatories that included a verification by Leland Coblentz, Ally Financial's director of corporate insurance claims, attesting that "Ally Financial, Inc.[,] [is] the parent company of Ally, LLC." (Dkt. 18-10 [Responses to Form Interrogatories] at 49.) "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citation omitted). Since Ally Financial is the parent company, Ally Financial is necessarily the owner/member of Ally, LLC, which in turn is necessarily a citizen of all states of which Ally Financial is a citizen. *See Corporation*, *Black's Law Dictionary* (11th ed. 2019) (defining "parent corporation" as "[a] corporation that has a controlling interest in another corporation (called a subsidiary corporation), usu. through ownership of more than one-half the voting stock . . . [a]lso termed *parent company*").

And defendants are charged with knowledge of their own citizenship.[2] Accordingly, when Ally Financial was added to the suit on May 17, the citizenship of Ally, LLC, was in no way elusive but rather ascertainable.

Importantly, Huckins and Ally Financial never argue that the possibility of additional nondiverse owners/members made complete diversity non-ascertainable—nor can that bar remand now. The presumption against removal means that "the defendant[s] always ha[ve] the burden of establishing that removal is proper." *Gaus*, 980 F.3d at 566; *see also Richardson v. Gov't Emps. Ins. Co.*, No. C13–5855, 2013 WL 6174486, at *1 (W.D. Wash. Nov. 21, 2013) (noting that the defendant has the burden to establish that removal was timely); *Murphy v. Finish Line, Inc.*, No. 20-cv-05663, 2020 WL 5884683, at *1 (N.D. Cal. Oct. 5, 2020) (same). Huckins and Ally Financial did not meet that burden. They failed to include any nonconclusory statements on their timeliness in their notice of removal, let alone statements raising this possibility of more owners/members. *See* Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014) ("[A] defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction."); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 65 (noting that "conclusory statements" in a notice of removal "are insufficient" due to a defendant's "burden to establish complete diversity" and that the defendants had "opportunities to correct defects in [the] notice of removal" in ruling that the district court must remand the matter to state court). Indeed, Huckins and Ally Financial do not respond at all in their opposition to

---

[2] "Since *Harris* [*v. Bankers Life & Casualty Co.*], courts in this circuit have held the" general prohibition on considering defendants' "'subjective knowledge' does not include basic facts defendants are obviously aware of, such as their own citizenship." *Brecher v. Citigroup Glob. Mkts., Inc.*, No. 09cv1344, 2010 WL 11508779, at *4 (S.D. Cal. Mar. 24, 2010) (collecting cases); *see also Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1064 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship."); *Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 920 (N.D. Ohio 2006) ("[A] defendant's citizenship does not even bring the defendant's subjective knowledge into play, since an individual or a corporate defendant can be expected to know its own citizenship.").

Serra's timeliness point, so they have also "waived the argument by failing adequately to brief it." *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 959 n.2 (9th Cir. 2010).

The citizenship of Ally, LLC—and the removability of this action—was therefore "ascertainable" as of at least May 17. That date is over two months before this action was ultimately removed, rendering removal untimely and remand appropriate.

**B.   Costs and Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award [costs and expenses] under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, [an award] should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit . . . ." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). A court may conclude that removal was objectively unreasonable when "the relevant case law clearly foreclosed the defendant's basis of removal." *Id.* at 1066. Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

The Court exercises its discretion to decline awarding costs and expenses here. The attorney declaration that Serra included with his request is sparse, providing no basis to justify the $650 hourly rate and few details on what research counsel did to prepare for the motion. (*See* Dkt. 18-2 [Declaration of Robert J. Ounjian in Support of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand and Request for Monetary Sanctions] ¶ 17.) Serra also presents no evidence of bad faith or

dilatoriness. And the timeliness issues raised herein, such as ascertaining the citizenship of a limited liability company from a verification for a response to interrogatories, required modestly new, and not entirely foreclosed, applications of case law.

### III. CONCLUSION

For the foregoing reasons, Serra's motion is **GRANTED**, and the request for costs and fees is **DENIED**. This action is **REMANDED** to the Superior Court of California, County of Orange.

DATED: October 21, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE